UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>$1,106,775.00 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br><br>OAK PORCELLI, *et al.*,<br><br>    Claimants. | Case No. 3:20-cv-00158-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This is a civil forfeiture action arising from a traffic stop on Interstate 80 ("I-80") in Washoe County, Nevada. Plaintiff United States of America ("government") has filed a verified complaint for forfeiture *in rem* seeking the forfeiture of $1,106,775.00 United States currency (the "Currency") found in a rental car during a traffic stop. (ECF No. 1 ("Complaint").) The rental car driver, Oak Porcelli, and his passenger, Gina Pennock (together, "Claimants"), oppose this forfeiture action. (ECF Nos. 12, 13.)

Claimants assert that they have standing to contest the seizure of the Currency and moved to suppress evidence obtained from the traffic stop. (ECF No. 14 ("Suppression Motion").) In response, Plaintiff filed a motion to stay the Suppression Motion. (ECF No. 17 ("Stay Motion").)

In the meantime, Plaintiff served Claimants with special interrogatories under Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules" or "Supp. R.") G(6), seeking information regarding Claimants'

///

standing,[1] which is the threshold disputed issue between the parties. (ECF No. 28-1 at 13-33, 61-70.) Porcelli answered the interrogatories. (*Id.* at 34-48.) Unsatisfied with Porcelli's answers, Plaintiff moved to compel Porcelli to adequately respond to the interrogatories (ECF No. 28 ("Compel Motion")), and also moved to conditionally strike Porcelli's claim (ECF No. 29 ("Strike Motion")). Additionally, Plaintiff filed a motion to stay discovery until the issue of standing is resolved. (ECF No. 30 ("Stay Discovery Motion").) United States Magistrate Judge William G. Cobb granted Plaintiff's Compel and Stay Discovery Motions. (EFC No. 38.) Claimants filed an objection to Judge Cobb's order. (ECF No. 39 ("Objection").)[2]

This order addresses these pending motions and the Objection. The Court overrules Claimants' Objection because they have not demonstrated that Judge Cobb clearly erred as further discussed below. Recognizing that standing remains a threshold issue in this forfeiture action, the Court additionally denies Plaintiff's Strike Motion without prejudice to give Porcelli an opportunity to cure his special interrogatory responses. Accordingly, the Court denies Claimants' Suppression Motion without prejudice, and denies Plaintiff's Stay Motion as moot.

**II.   BACKGROUND**

Driver Oak Porcelli and passenger Gina Pennock were driving a rental car on I-80 near Reno, Nevada on the afternoon of November 19, 2019. (ECF No. 14-1 at 1.) The rental car had an out-of-state Florida license plate. (ECF No. 14 at 3.) A Nevada Highway Patrol officer ("Officer") initiated a traffic stop, noting the rental car was

---

[1] Claimants must establish both statutory and Article III standing to challenge an *in rem* civil forfeiture action. *See United States v. 6107 Hogg Rd.*, Case No. 1:11-cv-00300-CWD, 2017 WL 1013868, *4 (D. Idaho Mar. 14, 2017). "To establish statutory standing in a civil forfeiture action, the claimant must comply with the procedural requirements of 18 U.S.C. § 983(a)(4), as well as those in the Supplemental Rules . . . To have Article III standing to challenge an *in rem* civil forfeiture action, a claimant must establish an injury in fact, a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision." *Id.* at *5-6 (citing *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 637 (9th Cir. 2012)).

[2] Plaintiff filed a response to Claimants' Objection. (ECF No. 40.)

following too closely behind another automobile. (ECF Nos. 1 at 3; 14-1 at 2.) The Officer asked for documentation which Claimants produced. (ECF No. 1 at 3.) The Officer asked Porcelli to step outside the car; Porcelli complied. (*Id.*) The Officer then asked Porcelli if there were any drugs, weapons, and humans[3] in the car. (*Id.* at 4; ECF No. 14-1 at 2.) Law enforcement subsequently conducted a search of the rental car and found a vape pen, along with the Currency. (ECF No. 1 at 5-6, 9.) On November 22, 2019, the Currency was deposited into the United States Marshal Service's Seized Asset Deposit Fund Account. (*Id.* at 2.)

Plaintiff claims that the Currency is subject to forfeiture to the United States under 18 U.S.C. §§ 981(a)(1)(A) and (C), and 21 U.S.C. § 881(a)(6). (*Id.* at 3.) Plaintiff alleges the Currency is being "furnished or intended to be furnished in exchange for a control substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture." (*Id.* at 15.) Claimants timely filed their verified claims opposing the forfeiture. (ECF Nos. 12, 13.) Porcelli claims "an ownership and possessory interest in, and the right to exercise dominion and control over, all of the [] property taken from his [rental] vehicle, including from his luggage and other items." (ECF No. 12 at 1.) Pennock claims "a possessory interest in, and the right to exercise dominion and control over all of the [] property taken from her possession, including from her luggage and other items." (ECF No. 13 at 1.)

**III.   CLAIMANTS' OBJECTION**

   **A.   Review of the Magistrate Judge's Pretrial Rulings**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

---

[3]The Complaint states that Plaintiff also asked Porcelli about "illicit currency." (ECF No. 1 at 4.) Porcelli's declaration does not include illicit currency in describing what the Officer asked him about. (ECF No. 14-1 at 2 ("asking me about drugs, weapons, and humans/bodies.").)

pursuant to LR IB 1-3, where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotations omitted) (citing *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993)). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988).

### B.     Compel Special Interrogatories

Claimants argue in their Objection that Judge Cobb should have denied Plaintiff's Compel Motion. (ECF No. 39 at 2-8.) Citing generally to *United States v. $133,420.00*, 672 F.3d 629 (9th Cir. 2012), Claimants assert the Court "erroneously conflates the distinction between a claimant who . . . asserts an *ownership* interest in the defendant property with an [*sic*] claimant who asserts a *possessory* interest in the defendant property." (*Id.* at 2 (emphasis added).) Claimants emphasize this distinction to argue that a claimant with an ownership interest need merely to declare their interest to have standing. Claimants raised this same argument before Judge Cobb at the motion hearing on August 11, 2020. (ECF No. 38 at 3.) In granting the Compel Motion, Judge Cobb reasoned that Claimants' contention that special interrogatories could not address issues beyond identity when a claimant asserts ownership interest would "essentially eliminate the availability of Supplemental Rule G(6) special discovery." (*Id.* at 5.)

Supp. R. G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity *and relationship to the defendant property* without the court's leave at any time after the claim is filed and before discovery is closed." Supp. R. G(6)(a) (emphasis added). The purpose of this rule is to allow the government to file limited interrogatories to gather information that bears on

claimant's standing. *See $133,420.00*, 672 F.3d at 635; *see also* Supp. R. G Advisory Comm. Notes, Subdiv. (6). A "claimant impair[s] the truth-seeking function of the judicial process by failing to provide a Special Interrogatory response that address the claimant's identity and relationship to the defendant property." *United States v. $295,726.42*, 279 F. Supp. 3d 1050, 1055 (C.D. Cal. 2018) (quotations omitted) (citing *$133,420.00*, 672 F.3d at 638, 642). Porcelli's special interrogatory response stated he "own[s] all" and has "a right to possess" the Currency but failed to provide much else in way of his relationship to the Currency (*see* ECF No. 28-1 at 39). This response thereby impairs the "truth-seeking function" of Supp. R. G(6) and hinders on Plaintiff's ability to gather information on Porcelli's standing. The Courts finds that Judge Cobb did not clearly err in granting the Compel Motion.

### C. Stay Discovery

Claimants argue that two key considerations were ignored in granting Plaintiff's Stay Discovery Motion. First, Porcelli's failure to adequately respond to special interrogatories does not excuse Plaintiff from responding to Porcelli's discovery requests. (ECF No. 39 at 10-11.) Second, it is a "disservice" to judicial economy to stay or delay the adjudication of Claimants' Suppression Motion to address Plaintiff's Strike Motion. (*Id.* at 11-12.) Plaintiff counters that Judge Cobb correctly determined that good cause exists to stay general discovery pending Porcelli's response to the special interrogatories and the resolution of Claimants' standing. (ECF No. 40 at 15.) Moreover, Plaintiff contends that Judge Cobb was correct in sequencing litigation "such that standing would be resolved ahead of general discovery and litigation of suppression and merits issues." (*Id.* at 18.) The Court agrees with Plaintiff.

In granting the Stay Discovery Motion, Judge Cobb determined that standing was the threshold issue that required resolution before addressing both the Strike and Suppression Motions. (ECF No. 38 at 8.) Judge Cobb found staying discovery was proper until Plaintiff's special interrogatories were adequately answered. (*Id.* at 7-9.) In support of his decision, Judge Cobb cites to *United States v. Approximately 1,784,000*

5

*Contraband Cigarettes*, Case No. C12-5992 BHS, 2016 WL 6084938, *5 (W.D. Wash. Oct. 18, 2016) ("The Court agrees that it would unjustly burden and prejudice the [g]overnment to allow Claimants to pursue discovery when they had yet failed to file necessary pleadings under the supplemental rules."), and *United States v. Approximately $658,830 in U.S. Currency*, Case No. 2:11-cv-00967 MCE KJN PS, 2011 WL 5241311, *1 (E.D. Cal. Oct. 31, 2011) ("The [court] stays the government's obligation to respond to [claimant's] discovery request . . . until 21 days after [claimant] serves the government with responses to the government's special interrogatories."). (*Id.*)

Determining whether Claimants have standing is the first and most critical question in this action. "A claimant's standing to contest a forfeiture proceeding is a threshold matter that must be resolved before addressing the merits of the asset forfeiture claim." *United States v. Various Coins*, Case No. 3:11-cv-00387-MA, 2013 WL 1183312, *2 (D. Or. Mar. 21, 2013) (citing *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187 (9th Cir. 2004). As Judge Cobb recognized (*see* ECF No. 38 at 8), good cause exists here to grant the Stay Discovery Motion until standing to pursue the ownership interest has been resolved. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The Court finds that Judge Cobb did not clearly err in granting the Stay Discovery Motion.

**IV.    STRIKE MOTION**

Plaintiff's Strike Motion under Supp. R. G(8)(c)(i)(A) seeks to "conditionally" strike Porcelli's claim for failing to comply with Supp. R. G(6). Predicated on the Compel Motion being granted—as the Court has done *supra*—Plaintiff requests that their Strike Motion "be conditionally granted, or that a decision . . . be deferred, both pending a sufficient but brief period of time for [Porcelli] to come into compliance with Supp. R.

///

6

G(6) by adequately supplementing his response." (ECF No. 29 at 2.) For the reasons discussed below, the Court denies Plaintiff's Strike Motion without prejudice.

The Court recognizes that its determination that Judge Cobb did not clearly err in granting the Compel Motion can be construed to imply Porcelli failed to comply with Rule G(6). However, a claimant is typically afforded "one or even several opportunities to cure defective Rule G(6) responses." *United States v. Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 973 (9th. Cir. 2015). Moreover, Advisory Committee Notes to Rule G(8) cautions courts that when a Rule G(8)(c)(i)(A) motion to strike is brought, "the court should strike a claim . . . *only if* satisfied that an opportunity should not be afforded to cure the defects." *Id.* (emphasis added). Here, the Court is not satisfied, and Porcelli should be afforded an opportunity to adequately respond to Plaintiff's special interrogatories.

In sum, Plaintiff's Strike Motion is denied without prejudice. Until Claimants' standing to pursue the ownership interest is resolved, the Court denies Claimants' Suppression Motion without prejudice, and denies Plaintiff's Stay Motion as moot.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Claimants' Objection (ECF No. 39) to Magistrate Judge William G. Cobb's order is overruled.

It is further ordered that the United States' motion to conditionally strike the claim of Claimant Oak Porcelli (ECF No. 29) is denied without prejudice.

It is further ordered that Claimants' motion to suppress evidence (ECF No. 14) is denied without prejudice.

///

///

1 | It is further ordered that the United States' motion to stay (ECF No. 17)
2 | Claimants' motion to suppress evidence is denied as moot.

3 | DATED THIS 23rd Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE