UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>$1,106,775.00 IN UNITED STATES CURRENCY,<br>Defendant.<br>OAK PORCELLI, *et al.*,<br>Claimants. | Case No. 3:20-cv-00158-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

On November 23, 2020, the Court issued an order in this civil forfeiture action affirming that United States Magistrate Judge William G. Cobb did not clearly err in granting Plaintiff United States of America's motion to compel Claimant Oak Porcelli to respond to special interrogatories and to stay discovery. (ECF No. 47.) Porcelli had 30 days from the date of that order to provide supplemental responses and did so on December 23, 2020. (*See* ECF Nos. 38 at 7, 49-1 at 42-56.) Based on Porcelli's supplemental response to the special interrogatories, Plaintiff has now moved to strike Porcelli's judicial claim. (ECF No. 49 ("Strike Motion").)[1] The Court grants in part, and denies in part, Plaintiff's Strike Motion as Porcelli should be afforded another opportunity to adequately respond to Plaintiff's special interrogatories. The Court, however, warns Porcelli that his failure to respond adequately henceforth will result in the Court striking his judicial claim.

---
[1]The Court has additionally reviewed the parties' corresponding response and reply. (ECF Nos. 51, 53.)

1          Additionally, before the Court is Claimants Porcelli's and Gina Pennock's
2  (together, "Claimants") objection to Judge Cobb's order denying their prior motion to lift
3  the stay in this case. (ECF No. 56 ("Objection").) Because Claimants have not
4  demonstrated that Judge Cobb clearly erred and as further discussed below, the Court
5  overrules Claimants' Objection.

## II.     BACKGROUND

The Court incorporates by reference the recitation of the factual background provided in its November 23, 2020 order. (ECF No. 47 at 2-3.) Relevant to this order, Plaintiff served Porcelli with special interrogatories under Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules" or "Supp. R.") G(6) on May 12, 2020. (ECF No. 49-1 at 18-25.) On June 4, 2020, Porcelli provided responses to the special interrogatories. (*Id.* at 27-39.) Thereafter, Plaintiff filed a motion to compel full and complete responses to the special interrogatories on the grounds that Porcelli had failed to adequately respond. (ECF No. 28.) Judge Cobb granted Plaintiff's motion to compel and stayed discovery in this action. (ECF No. 38.) Claimants objected. (ECF No. 39.) This Court overruled the objection (*see* ECF No. 49) and Porcelli therefore had 30 days from the date of that order to provide supplemental responses (*see* No. 38 at 7).

Porcelli timely provided supplemental responses on December 23, 2020. (ECF No. 49-1 at 42-56.) In response, Plaintiff filed the Strike Motion because Porcelli's supplemental responses failed to comply with Supp. R. G(6). (ECF No. 49.)

Prior to Plaintiff's Strike Motion, Claimants filed on January 21, 2021, a motion to lift the stay in this case. (ECF No. 48.) Judge Cobb denied that motion and ordered that the stay of this action remain. (ECF No. 55.) As noted, Claimants objects to that ruling. (ECF No. 56.)

///
///
///

2

## III. CLAIMANTS' OBJECTION

### A. Review of the Magistrate Judge's Pretrial Rulings

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotations omitted) (citing *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993)). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Lift Stay of Case

Claimants' Objection to Judge Cobb's order to deny their motion to lift the stay in this case is primarily predicated on the argument that their motion should not have been before Judge Cobb, as that was what was communicated by the Court to Claimants' counsel. (ECF No. 56 at 1-3.) Additionally, Claimants again assert that Porcelli has Article III and statutory standing to pursue his rights in this forfeiture action. (*Id.* at 4-5.) Claimants' arguments are not convincing.

Judge Cobb has previously granted Plaintiff's motion to stay discovery in this action. (*See* ECF No. 38.) In denying Claimants' motion to lift the stay and ordering that the prior stay remains, Judge Cobb was ruling on discovery and pretrial case management matters that a magistrate judge is authorized to decide. *See* LR IB 1-3 ("A magistrate judge may hear and finally determine any pretrial matter not specifically

1 enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."). Regardless of what may have been miscommunicated to Claimants' counsel regarding their motion to lift the stay, Claimants were on notice that Judge Cobb had authority to make a final determination on any pre-trial matter. Claimants have thus failed to show Judge Cobb's order was clearly erroneous or contrary to law. *See* LR IB 3-1(a); *see also Ressam,* 593 F.3d at 1118. Moreover, despite Porcelli's repeated and unsuccessful contention regarding standing in this forfeiture action, the Court has already addressed this issue, and further discussion is unwarranted. Accordingly, the Court overrules Claimants' Objection.

**IV.  STRIKE MOTION**

In their Strike Motion, Plaintiff seeks to strike Porcelli's judicial claim for failing to comply with Supp. R. G(6) on the grounds that Porcelli's supplemental responses to Plaintiff's special interrogatories fail to be full and complete. They assert that Procelli's supplemental responses are inadequate and thus violated, and ignored, Judge Cobb's order. (ECF No. 49 at 8-11.) Plaintiff additionally states that they will not object if the Court finds that Porcelli should be afforded an additional opportunity to cure inadequate Rule G(6) responses. (*Id.* at 2.) Claimants counter by reasserting again that Porcelli has standing and need only to merely declare his interest to proceed in this action. (ECF No. 51 at 4-6.) The Court, having reviewed Porcelli's supplemental responses, finds that the supplemental responses are indistinct and evasive as to Porcelli's identity and his relationship to the defendant property.

Supp. R. G(6)(a) expressly states that, "[t]he government may serve special interrogatories limited to the claimant's *identity and relationship to the defendant property* without the court's leave at any time after the claim is filed and before discovery is closed." (emphasis added.) Rule G(8)(c)(i)(A) further provides that, "[a]t any time before trial, the government may move to strike a claim or answer[ ] for failing to comply with Rule G(5) or G(6)." However, a claimant is typically afforded "one or even *several opportunities* to cure defective Rule G(6) responses." *United States v. Real*

*Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 973 (9th. Cir. 2015) (emphasis added). Moreover, Advisory Committee Notes to Rule G(8) cautions courts that when a Rule G(8)(c)(i)(A) motion to strike is brought, "the court should strike a claim . . . only if satisfied that an opportunity should not be afforded to cure the defects."

Here, the Court previously ordered Porcelli to respond to Plaintiff's Rule G(6) special interrogatories. Porcelli facially complied by providing supplemental responses, but the supplemental responses were indistinct and evasive. As such, Porcelli has only had one formal opportunity to cure his Rule G(6) responses to Plaintiff's special interrogatories. The Court therefore finds, and Plaintiff does not object, that Porcelli should be afforded another—final—opportunity to cure the defects of his supplemental responses to Plaintiff's special interrogatories. Accordingly, Plaintiff's Strike Motion is granted in part and denied in part.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion and objection before the Court.

It is therefore ordered that Claimants' Objection (ECF No. 56) to Magistrate Judge William G. Cobb's order is overruled.

It is further ordered that Plaintiff's motion to strike (ECF No. 49) the judicial claim of Claimant Oak Porcelli is granted in part and denied in part. Porcelli will have 30 days to respond to Plaintiff's special interrogatories fully and completely. The Court warns Porcelli that his failure to respond adequately henceforth will result in the Court striking his judicial claim.

DATED THIS 7th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE