UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>$1,106,775.00 IN UNITED STATES CURRENCY,<br><br>                    Defendant.<br><br>OAK PORCELLI, *et al.*,<br><br>                    Claimants. | Case No. 3:20-cv-00158-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

On June 7, 2021, the Court issued an order overruling Claimants Oak Porcelli and Gina Pennock's (together, "Claimants") objection to Magistrate Judge William G. Cobb's order denying their prior motion to lift the stay in this action, and further ordering Porcelli to respond to Plaintiff's special interrogatories. (ECF No. 59 ("Order" or "June 7 Order").) Before the Court is Claimants' motion for certification to interlocutory appeal the Order under 28 U.S.C. § 1292(b), which includes a request to stay proceedings pending appeal. (ECF No. 60 ("Certification Motion").) In response, Plaintiff filed a motion for clarification on the impact Claimants' Motion has on the discovery deadline set forth in the Order. (ECF No. 64 ("Clarification Motion").) More recently, Claimants have also filed a motion for a pretrial conference to expedite the disposition of this action under Local Rule 16-2. (ECF No. 67.) The Court finds certification to interlocutory appeal is unwarranted and, as further explained below, the Court denies Claimants' Certification Motion. Accordingly, the motion for a pretrial conference is denied as moot. The Court further finds that there is nothing to clarify regarding the Certification Motion's

impact on the discovery deadline, and therefore Plaintiff's Clarification Motion is denied. However, given the posturing of this case and the passage of time, the Court will provide Porcelli with one final opportunity to respond to Plaintiff's special interrogatories within 15 days of this order.

**II.   BACKGROUND**

The Court incorporates by reference the recitation of the factual background provided in its November 23, 2020 and June 7, 2021 orders. (ECF Nos. 47 at 2-3, 59 at 2.) Relevant to this order, in the June 7 Order, the Court overruled Claimants' objection to the denial of their motion to lift the stay in this case. (ECF No. 59.) Moreover, Plaintiff's motion to strike Porcelli's judicial claim—which was premised on Porcelli's failure to comply with Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") G(6)—was granted in part and denied in part. (*Id.*) The Court observed that Porcelli had originally provided responses to the special interrogatories on June 4, 2020, and that he later provided supplemental responses on December 23, 2020. (*Id.* at 2.) But upon review of the supplemental responses, the Court found Porcelli's responses were "indistinct and evasive" as to his identity and his relationship to the defendant property. (*Id.* at 4-5.) The Court further found that Porcelli should be afforded another opportunity to cure the defects of his responses and ordered him to respond to the special interrogatories "fully and completely" within 30 days of the Court's Order.[1] The Court warned that failure to do so would result in the Court striking his judicial claim. (*Id.* at 5.)

Prior to the 30-day deadline, Claimants filed their Certification Motion on June 21, 2021. (ECF No. 60.) The record does not indicate Porcelli filed updated responses to Plaintiff's special interrogatories by the July 7, 2021 deadline. Plaintiff then filed its Clarification Motion on July 14, 2021, seeking clarification regarding the impact Claimants' Certification Motion had, if any, on Porcelli's deadline to respond to the special interrogatories. (ECF No. 64.)

---

[1] Porcelli thus had until July 7, 2021, to file his updated responses.

2

### III. DISCUSSION

The Court will first address Claimants' Certification Motion. Because the Court finds certification for interlocutory appeal and a stay is not warranted, the Court need not address the motion for a pretrial conference to expedite the disposition of this action under Local Rule 16-2, and will therefore deny it as moot. The Court will then address Plaintiff's Clarification Motion, find that an appeal does not stay proceedings, and thus the Clarification Motion is denied.

#### A.   Certification Motion[2]

Claimants argue the Court's finding that they lacked standing is "obvious, manifest error." (ECF No. 60 at 2.) Specifically, Claimants argue that (1) the ruling that they lack standing is a controlling question of law, (2) their appeal may materially advance the ultimate termination of the litigation, and (3) there is more than a substantial ground for difference of opinion as to whether they lack standing. (*Id.* at 4-10.)[3] Plaintiff counters that Claimants have misidentified the controlling legal issue in the Court's Order and that the Order does not qualify for interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 62 at 6-15.) The Court agrees with Plaintiff.

Ordinarily, interlocutory orders, such as orders relating to discovery are not immediately appealable. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). However, a federal district court may certify any interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal bears the

---

[2] Plaintiff filed a response and Claimants filed a reply. (ECF Nos. 62, 63.)

[3] Additionally, Claimants request a stay of the proceedings pending appellate review. (ECF No. 60 at 10-11.) Because the Court finds a certificate of interlocutory appeal is unwarranted and will deny Claimants' Certification Motion, the request to stay the proceedings is thus also denied. As the Court further discusses below, *see infra* Section III(B) at pp. 5-6, absent an order to stay proceedings or further action from the Court on the Certification Motion, the discovery deadline set forth in the Order did not change.

3

burden of showing that all three requirements under § 1292(b) have been met, and the district court is required to "expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, § 1292(b) should be used only in exceptional situations where allowing an interlocutory appeal would avoid protracted and expensive litigation. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

In their Certification Motion, Claimants assert that the Court's ruling that they lack standing is a controlling question of law, and that "a successful interlocutory appeal on the standing issue will undoubtedly impact the course of the litigation." (ECF No. 60 at 5-7 (brackets and quotes omitted).) However, the Court has not ruled on the issue of Claimants' standing, and therefore finds this argument lacks merit.

As the Court previously noted, Claimants must establish both statutory and Article III standing in order to challenge an *in rem* civil forfeiture action. (*See* ECF No. 47 at 2, n.1 (citing *United States v. 6107 Hogg Rd.*, Case No 1:11-cv-00300-CWD, 2017 WL 1013868, *4 (D. Idaho Mar. 14, 2017).) In the June 7 Order, the Court stated that "Claimants again assert that Porcelli has Article III and statutory standing to pursue his rights in this forfeiture action," but the Court found this argument unconvincing because it had already addressed this issue. (ECF No. 59 at 3-4.) The Court was referencing its prior November 23 order where Claimants had asserted that they had standing to contest the seizure of the defendant currency, but the Court was unconvinced because it recognized that Claimants' standing "remain[ed] a threshold issue." (ECF No. 47.) The Court agreed with Judge Cobb that Porcelli was required to respond adequately to the special interrogatories because the "truth-seeking function" of Supp. R. G(6) is premised on gathering information on a claimant's identity and their relationship to the defendant property in order to determine standing. (*Id.* at 4-5.) Despite Claimants' position that the Court has ruled that they lack standing, the Court simply has not done so.

Moreover, the Court finds that certification of interlocutory appeal of the Court's Order will not "materially advance the ultimate termination of the litigation." 28 U.S.C. §

4

1292(b). As both parties observed (ECF Nos. 60 at 7, 62 at 13), the third requirement under § 1292(b) is closely tied with the first requirement, which addresses whether the Order involves a controlling question of law. As stated above, the Court finds there is no controlling question of law that presently warrants certification; consequently, an interlocutory appeal would not materially advance the termination of this case. As such, the Court need not reach the merits of the second requirement as all three requirements must be met. *See Couch,* 611 F.3d at 633. Claimants therefore fail to satisfy their burden under § 1292(b), and the Court has additionally determined that this is not an exceptional situation where "an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Court therefore denies Claimants' Certification Motion.

### B.  Clarification Motion[4]

Plaintiff requests the Court provide clarification as to the effect of Claimants' Certification Motion on Porcelli's obligation to update his response to Plaintiff's special interrogatories. (ECF No. 64.) Specifically, Plaintiff seeks clarification as to whether Claimants' Certification Motion: (1) had no impact on, (2) extended, or (3) tolled, the deadline requiring Porcelli to respond to the special interrogatories by July 7, 2021. (*Id.* at 2.) Claimants join Plaintiff's motion as to the third clarification and request that their Motion, which was filed prior to the deadline, tolls the date to respond to the special interrogatories. (ECF No. 65 at 3.) The Court finds that the Certification Motion did not impact the deadline as the Court did not rule on the Certification Motion or otherwise grant a stay.

The Court's Order unequivocally stated that Porcelli had 30 days to "respond to Plaintiff's special interrogatories fully and completely." (ECF No. 59 at 5.) Porcelli was further warned that "his failure to respond adequately henceforth will result in the Court striking his judicial claim." (*Id.*) Nevertheless, Claimants filed their Certification Motion 16 days prior to the July 7, 2021 deadline, and Porcelli bypassed the deadline without

---

[4]Claimants filed a response and Plaintiff file a reply. (ECF Nos. 65, 66.)

5

providing updated responses to Plaintiff's special interrogatories. (ECF No. 60.) While Claimants request a stay of the proceedings in their Certification Motion (*id.* at 10-11), the Court did not rule on the Certification Motion prior to the deadline, nor did it grant a stay. *See United States v. Real Prop. & Improvements Located at 2441 Mission St.*, Case No. C 13-2062 SI, 2014 WL 1350914, at * 4, n.3 (N.D. Cal. Apr. 4, 2014) (citation omitted) (stating that "a district court has authority to stay proceedings during an interlocutory appeal . . . both under § 1292(b) itself and the court's inherent authority to manage its docket."). Moreover, the plain language of § 1292(b) indicates a stay of the proceedings does not automatically accompany the certification for an interlocutory appeal. *See* 28 U.S.C. § 1292(b) (emphasis in original) ("*Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or judge thereof shall so order."). Accordingly, Porcelli was still required to submit updated responses by July 7, 2021, and he failed to do so pursuant to the Order.

The Court made clear in its Order that "Porcelli should be afforded another—final—opportunity to cure the defects of his supplemental responses." (ECF No. 59 at 5.) But Porcelli allowed this opportunity to pass when he failed to comply. Without the Court acting on the Certification Motion or granting a stay, Claimants' interlocutory appeal did not "impact," "extend," or "toll," the discovery deadline as set forth in the Order. While clarification is unwarranted, the Court does recognize that the current posturing of this case and the passage of time permits consideration that one final opportunity be afforded to Porcelli to update his responses. As such, Porcelli will have 15 days from the date this order to respond to the special interrogatories.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Claimants Oak Porcelli and Gina Pennock's motion for certification for interlocutory appeal (ECF No. 60) is denied.

It is further ordered that Claimants' motion for a pretrial conference to expedite disposition (ECF No. 67) is denied as moot.

It is further ordered that Plaintiff's motion for clarification (ECF No. 64) is denied.

It is further ordered that Porcelli will have 15 days from the date this order enters to respond to Plaintiff's special interrogatories fully and completely.

DATED THIS 7th Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE